**POLAROID CORPORATION, Plaintiff,**

v.

**POLARAID, INC., Defendant.**

**Civ. A. No. 60 C 279.**

United States District Court
N. D. Illinois, E. D.

June 12, 1962.

Hofgren, Brady, Wegner, Allen & Stellman, Chicago, Ill., Herbert S. Kassman and Donald L. Brown, Cambridge, Mass., for plaintiff.

Robert G. Cook, Jr., Brown, Stine & Cook, Ebers, Mitskas & Bjorvik, Chicago, Ill., for defendant.

MINER, District Judge.

This matter having been submitted to the Court on a stipulation of fact, and the Court having read the pleadings filed herein by the respective parties, and the Court having examined the written stipulation entered into and filed by the parties herein, and the Court having heard and considered the arguments submitted by counsel in support of their respective positions, and the Court being fully advised, the Court hereby enters its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. The plaintiff is a Delaware corporation, incorporated on or about September 13, 1937, under the name POLAROID CORPORATION, with its principal office and place of business at 730 Main Street, Cambridge, Massachusetts.

2. The defendant is an Illinois corporation, incorporated on or about September 9, 1953, under the name POLAR-AID, INC., and is a citizen of the State of Illinois and a resident of the Northern District of Illinois, Eastern Division, with its principal office and place of business at 3840 North Harlem Avenue, Chicago, Illinois.

3. This Court has jurisdiction upon the ground that this action arises under the trademark laws of the United States, specifically, the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq., and also upon the ground that this action is a civil action between citizens of different states wherein the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $10,000 (28 U.S.C. § 1332 and § 1338(b)). The first claim for relief raises an action for trademark infringement under the said trademark laws of the United States; the second claim for relief raises an action for unfair competition under the laws of the United States and the laws of the State of Illinois; and the third claim for relief raises an action under the trademark laws of the State of Illinois, more particularly Chapter 140 of the Smith-Hurd Illinois Revised Statutes, including the so-called Anti-Dilution Statute set forth as Sec. 22 thereof, as well as in prior enactments of said statutes.

4. Section 15 of the Illinois Trademark Act of 1955 (Illinois Revised Statutes 1961, Chapter 140, § 22) reads as follows:

"Injunction against use of same or similar trade-mark, trade name, label, etc. Every person, association, or union of workingmen adopting and using a mark, trade name, label or form of advertisement may proceed by suit, and all courts having jurisdiction thereof shall grant injunctions, to enjoin subsequent use by another of the same or any similar mark, trade name, label or form of advertisement if there exists a likelihood of injury to business reputation or of dilution of the distinctive quality of the mark, trade name, label, or form of advertisement of the prior user, notwithstanding the absence of competition between the parties or of confusion as to the source of goods or services; except that the provisions of this section shall not deprive any party of any vested lawful rights acquired prior to the effective date of this Act."

5. The parties have stipulated to the following matters:

(a) The plaintiff succeeded to the business of Sheet Polarizer Company, Inc., and at the time of its organization acquired all the assets of its predecessor, including the trademark "POLAROID" and the good will of said company. The plaintiff has used "POLAROID" as its trade name and trademark for all of its products continuously since its incorporation.

(b) The plaintiff is licensed to do business in the State of Illinois and has maintained a sales office or representative in the City of Chicago since February 1953. The plaintiff has, since March 1960, maintained a regional office at 2041 North Janice Avenue, Melrose Park, Illinois, which functions as a warehouse for the Mid-West area, including the States of Illinois, Iowa and Indiana, and also performs shipping, credit handling, and camera repair service, and handles publicity and advertising contacts and customer service.

(c) The term "POLAROID" was adopted and used by plaintiff's predecessor, the said Sheet Polarizer Company, Inc., on or about November 19, 1935, as its trademark for sheet polarizing materials and was duly registered by plaintiff's said predecessor in the United States Patent Office, Registration No. 337,404, on August 4, 1936, in Class 26, Measuring and Scientific Appliances. Said trademark and registration were duly assigned, together with the good will and business in connection with which the said trademark was used, to the plaintiff by a written assignment recorded in the United States Patent Office on October 11, 1938, Liber 176, page 645. Said trademark registration was duly renewed May 29, 1956.

(d) In addition to the said Registration No. 337,404, plaintiff is the owner of 23 other United States registrations of the trademark "POLAROID", as follows:

Reg. No. 388,047, registered June 10, 1941 in Class 2, Receptacles.

Reg. No. 388,251, registered June 17, 1941 in Class 33, Glassware.

Reg. No. 388,721, registered July 8, 1941, in Class 26, Measuring and scientific appliances.

Reg. No. 388,722, registered July 8, 1941, in Class 21, Electrical apparatus, machines and supplies.

Reg. No. 391,449, registered November 11, 1941, in Class 23, Cutlery, machinery and tools.

Reg. No. 394,030, registered March 17, 1942, in Class 50, Merchandise not otherwise classified.

Reg. No. 398,917, registered December 1, 1942, in Class 11, Inks and inking materials.

Reg. No. 399,122, registered December 15, 1942, in Class 16, Paints and painters' materials.

Reg. No. 399,329, registered December 29, 1942, in Class 26, Measuring and scientific appliances.

Reg. No. 404,054, registered November 2, 1943, in Class 26, Measuring and scientific appliances.

Reg. No. 422,100, registered July 2, 1946, in Class 26, Measuring and scientific appliances.

Reg. No. 423,776, registered September 10, 1946, in Class 6, Chemicals, medicines, and pharmaceutical preparations.

Reg. No. 426,802, registered January 14, 1947, in Class 38, Prints and publications.

Reg. No. 540,179, registered March 27, 1951, in Class 1, Raw or partly prepared materials, and in Class 26, Measuring and scientific appliances.

Reg. No. 579,986, registered September 15, 1953, in Class 38, Prints and publications.

Reg. No. 588,350, registered April 13, 1954, in Class 26, Measuring and scientific appliances.

Reg. No. 604,829, registered April 19, 1955, in Class 26, Measuring and scientific appliances.

Reg. No. 605,134, registered April 26, 1955, in Class 26, Measuring and scientific appliances.

Reg. No. 607,263, registered June 14, 1955, in Class 26, Measuring and scientific appliances, and in Class 37, Paper and stationery.

Reg. No. 608,297, registered July 5, 1955, in Class 26, Measuring and scientific appliances.

Reg. No. 621,256, registered February 14, 1956, in Class 26, Measuring and scientific appliances.

Reg. No. 670,594, registered December 2, 1958, in Class 26, Measuring and scientific appliances.

Reg. No. 689,866, registered December 15, 1959, in Class 26, Measuring and scientific appliances.

All of said trademark registrations are valid, subsisting and uncancelled. Plaintiff's right to use the said trademark on the goods set forth in said Registration No. 540,179 has become incontestable in accordance with Title 15 U.S.C.A. § 1065. Plaintiff has given notice that its trademark "POLAROID" is registered by displaying therewith the words specified in the statute, Title 15 U.S.C.A. § 1111, and has affixed its said trademark and statutory notice of its registration to its goods or their containers.

(e) Plaintiff is the owner of a registration of the trademark "POLAROID" granted to it by the State of Illinois on November 18, 1949, for a period of ten years and duly renewed to extend its existence for a further period of ten years to November 18, 1969. Plaintiff further is the owner of registrations of the trademark "POLAROID" in every other state of the United States, except the State of Wisconsin, and in approximately seventy (70) foreign countries.

(f) Plaintiff's said trademark and trade name "POLAROID" is a "coined or invented" word (see Marks v. Polaroid Corp., 129 F.Supp. 243, 270 (D.C.Mass., 1955)), and has been for many years a famous trademark, indicating to the public that the plaintiff is the source and origin of goods sold and services rendered under said trademark. It has not been used as a trademark or trade name by any other individual, association or corporation.

(g) At the time that plaintiff's predecessor, Sheet Polarizer Company, Inc., adopted and first used the trademark "POLAROID", it was engaged primarily in the fields of light polarization and physical optics. The plaintiff succeeded to said business and during World War II undertook extensive research and development in many fields, including electronics, optics and guided missiles. After the war it expanded its business into the photographic field, and in 1948 began the sale of its well-known Land camera and of devices employing the Land photographic process. Ever since its incorporation plaintiff has also continuously engaged in research and development activities relating to automobile headlight systems, television and three-dimensional photography, as well as other processes relating to electronic systems and chemical synthesis. As a result of its research activities and the high quality of its products plaintiff attained a position of renown in the scientific and commercial worlds and its products are well and favorably known to the public. While plaintiff has obtained its main revenues from optical, photographic and light polarization products, it has continuously obtained substantial revenue from products in other fields.

(h) The plaintiff has used its trademark "POLAROID" on all its products. Among the wide variety of products first sold prior to 1953 by the plaintiff under its trademark "POLAROID" are the following:

Aerial camera magazines; automatic camera processor projectors; automobile day driving visors; blind flyer trainers; camera backs; cases and containers; components for oscilloscope cameras; control apparatus, such as range finders and tank periscopes; demonstration kits; desk lamps; display apparatus and advertising signs; dosimeter readers; duoprojectors; filters, filters for radar screens; flash guns, goggles and similar ophthalmic devices and components; machine gun trainers; moulded plastics; optical ring sights; photographic albums and picture mounts; photographic cameras and camera shutters; photographic copying apparatus; photographic exposure meters; photographic filters and lenses; photographic prints and enlargements; polariscopes; printing inks; projection screens; raw film stock; photographic prints employing polarizing dyes and photographic supplies for producing such prints; Schmidt corrector plates for television; sensitized photographic film and sensitized photographic papers; 70 mm. film processor; sheet polarizing materials; stereoscopic viewers; sunglasses and eyeglasses; television filters; television trainers; ultra violet color translating microscope; Vectograph film; Vectograph prints and photographic supplies; X-ray film cassettes and X-ray film processing apparatus.

Among the products first sold since 1952 by the plaintiff under its trademark "POLAROID" are the following:

Flash adaptor cords; photographic film holders; photographic timers; photographic wink-lights; print copiers; projectors; 3-D synchronization monitors.

(i) Many of the plaintiff's products listed in the preceding paragraph are, like the installations of the defendant described in subparagraph (m) of paragraph 5 hereof, electrically powered.

(j) Several of the plaintiff's products involved or contain devices to control and regulate variations in temperature which may affect the functionability of the products. These devices include heating means in cameras to maintain processing liquids at uniform temperatures under extreme temperature conditions, such as those encountered in high altitude aviation, and temperature-compensated timing means to shorten or lengthen the duration of the processing period. The plaintiff has also engaged in governmental contracts designed to develop polymeric compositions which would retain their room temperature physical characteristics at temperatures as low as minus 65° F. and to develop low temperature face protective devices. Development of all said products was begun or

carried out prior to 1953. The plaintiff has undertaken studies and tests to determine the effects of temperature and changes thereof on the life of its film products and, as a result of such testing, it undertakes to recommend the optimum temperatures for storage of such film.

(k) The plaintiff sells its products marketed under the trademark "POLAROID" to individual consumers; to industrial consumers, including virtually all major United States corporations; to wholesale and retail outlets; and to the United States government. Plaintiff's "POLAROID" products are sold in all fifty states and in approximately seventy foreign countries.

(l) The defendant has been doing an interstate business since 1953 in the States of Illinois, Indiana and Iowa, and has used "POLARAID" as its trade name and trademark in said business continuously since its incorporation.

(m) The defendant is a general contractor specializing in the designing and installation of refrigeration and heating systems, such as skating rinks and cold storage equipment for industrial plants. The defendant buys equipment from manufacturers, both in intrastate and in interstate commerce, assembles and installs it, and then sometimes furnishes a maintenance service for the installation.

(n) The defendant sometimes affixes its name plate containing the word "POLARAID" to the equipment which it installs and uses the word "POLARAID" as a trade name or a trademark on its stationery, on its office window, and in its advertising and promotional literature.

6. There is no evidence from which the court could find that the name of defendant corporation was adopted with intent or purpose to infringe upon or dilute plaintiff's rights in the name "POLAROID", and the court therefore finds that the name of defendant corporation was adopted without such intent or purpose.

7. There is no evidence from which the court could find that defendant's selection and use of the word "POLARAID" as its trade name, trademark, and service mark, was with intent or purpose to infringe upon or dilute plaintiff's rights in the word "POLAROID", and the court therefore finds that the selection and use of the word for such purposes was without such intent or purpose.

8. There has been presented to the court no evidence or instances of confusion by the trade or by customers concerning the respective products or identities of the parties, and the court therefore finds that there has been no such confusion by the trade or by the customers.

9. There has been presented to the court no evidence showing directly, inferentially or otherwise, that any business or trade has been diverted from plaintiff to defendant, or that any such diversion is likely to occur, and the court therefore finds that no such diversion has occurred or is likely to occur.

10. Plaintiff's products, including those in arts into which plaintiff might reasonably be expected to expand, differ substantially from defendant's products and services.

11. The respective businesses of plaintiff and defendant, and their respective products and services, neither compete one with the other, nor bear any resemblance one to the other, nor enter the same product markets.

12. There is no reasonable likelihood that customers for or traders in plaintiff's products might, would, or could be confused through the use by defendant in its corporate name and in connection with its products and services, of the word "POLARAID."

13. Defendant's use of the name "POLARAID, INC." and of the word "POLARAID" is not likely to cause confusion or mistake or to mislead the public into the belief that the defendant is one and the same as the plaintiff, or that the plaintiff is in some way connected with the defendant, or that the plaintiff is the source of goods or services furnished by the defendant.

14. Defendant's use of the name "POLARAID" has not created, does not create, and will not create any likelihood of injury to the business reputation of the plaintiff or likelihood of dilution of the good will attached to the plaintiff's corporate and trade name "POLAROID CORPORATION" and trademark "POLAROID."

15. There is no evidence that plaintiff has sustained pecuniary loss by reason of defendant's use of the word "POLARAID," or that plaintiff is likely to sustain such loss by reason of defendant's said acts, and the court therefore finds that plaintiff has sustained no pecuniary loss and is not likely to sustain pecuniary loss, by reason of defendant's use of the word "POLARAID."

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and the subject matter of the action.

■ 2. Under the circumstances set forth in the findings of fact herein, the use by defendant of the corporate and trade name "POLARAID, INC." does not constitute infringement of plaintiff's registered trademarks or any of them.

3. Under the circumstances set forth in the findings of fact herein, the use by defendant of the trademark and service mark "POLARAID" does not constitute infringement of plaintiff's registered trademarks or any of them.

4. Under the circumstances set forth in the findings of fact herein, the use by defendant of the trademark and service mark "POLARAID, INC." does not constitute unfair competition with plaintiff.

5. Under the circumstances set forth in the findings of fact herein, the use by defendant of the trademark and service mark "POLARAID" does not constitute unfair competition with plaintiff.

6. Under the circumstances set forth in the findings of fact herein, the use by defendant of the corporate and trade name "POLARAID, INC." does not render likely injury to plaintiff's business reputation, and does not constitute the dilution of the distinctive quality of the Illinois trademark "POLAROID."

7. Under the circumstances set forth in the findings of fact herein, the use by defendant of the trademark and service mark "POLARAID" does not render likely injury to plaintiff's business reputation, and does not constitute the dilution of the distinctive quality of plaintiff's Illinois trademark "POLAROID."

■ 8. Insofar as the "anti-dilution" provisions of Sec. 15 of the Illinois Trademark Act of 1955 (Illinois Revised Statutes 1961, Chapter 140, § 22) purport to set legal standards concerning infringement of, infringement by, and unfair competition with respect to trademarks which are different from, and which define infringing use more broadly than, the standards which had theretofore prevailed in Illinois under the common law or by statute, such new standards do not apply concerning alleged infringing uses existing after the effective date of the statute but initiated prior thereto.

9. The "vested lawful rights acquired prior to the effective date of this Act" which are insulated from the proscriptions of Section 15 of the Illinois Trademark Act of 1955 (Illinois Revised Statutes 1961, Chapter 140, § 22), are such rights in and to the use of "marks" to which any new legal standards prescribed by the said Act would alone apply.

■ 10. The right to use a mark adopted prior to the effective date of Section 15 of the Illinois Trademark Act of 1955 (Illinois Revised Statutes 1961, Chapter 140, § 22) is a "vested lawful right" within the meaning of the said section when the mark at the time it was adopted (a) was a proper subject of appropriation and exploitation under the legal standards then extant, and (b) did not infringe the rights of another in the identical or a similar mark under the legal standards then extant.

11. The right of defendant to the use of the marks "POLARAID, INC." and "POLARAID" arose in 1953 and became at that time a "vested lawful right"

within the meaning of Section 15 of the Illinois Trademark Act of 1955 (Illinois Revised Statutes 1961, Chapter 140, § 22).

12. Even were the use by defendant of the marks "POLARAID, INC." and "POLARAID" to constitute or result in the dilution of the distinctive quality of the Illinois Trademark "POLAROID", such use and effect would not be a violation of Sec. 15 of the Illinois Trademark Act of 1955 (Illinois Revised Statutes 1961, Chapter 140, § 22) in view of the conclusion that defendant's right to use its said marks became a "vested lawful right, acquired prior to the effective date" of the said Act.

13. The Complaint filed in this cause, and each claim for relief therein, should be dismissed and denied on the merits.

14. Defendant is entitled to a judgment that it is not guilty of any wrongful acts complained of by plaintiff.